# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RASHIDA HOBBS-JONES, as Administrator and Personal Representative of the Estate of MAURESIA HOBBS, Deceased,<br><br>*Plaintiff*,<br><br>v.<br><br>(1) BNSF RAILWAY COMPANY,<br>(2) BURLINGTON NORTHERN SANTA FE, LLC,<br>(3) JAMES NOLAN, and<br>(4) CLINT WILSON,<br><br>*Defendants*. | CIVIL ACTION NO. |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Rashida Hobbs-Jones, as Administrator and Personal Representative of the Estate of Mauresia Hobbs, deceased, files this Original Complaint and Jury Demand against Defendants BNSF Railway Company, Burlington Northern Santa Fe, LLC, Jim Nolan, and Clint Wilson. Plaintiff respectfully shows the Court as follows:

# I.

# PARTIES

1. Plaintiff Rashida Hobbs-Jones is the Administrator and Personal Representative of the Estate of her mother Mauresia Hobbs, deceased (***"Plaintiff"***). Plaintiff Rashida Hobbs-Jones is a citizen of the State of Texas. She resides in Midlothian, Texas. Decedent Mauresia Hobbs was a resident of Oklahoma County, Oklahoma at the time of her wrongful death.

2. Defendant BNSF Railway Company is a foreign for-profit company, incorporated in Delaware and headquartered in Fort Worth, Texas. BNSF Railway Company can be served via its registered agent at the following address: CT Corporation System; 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

3. Burlington Northern Santa Fe, LLC is the entity that wholly owns, controls, and operates Defendant BNSF Railway Company. Burlington Northern Santa Fe, LLC is incorporated in Delaware and is also headquartered in Fort Worth, Texas. Burlington Northern Santa Fe, LLC can be served via its registered agent at the following address: The Corporation Trust Company; Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

4. Defendants BNSF Railway Company and Burlington Northern Santa Fe, LLC, will be collectively referred to herein as "***BNSF***" or the "***BNSF Defendants***."

5. Defendant James "Jim" Nolan was the Engineer on the train that accelerated into and killed the decedent, Mrs. Hobbs, on February 27, 2024. Mr. Nolan was employed by BNSF at the time of the incident. Upon information and belief, Mr. Nolan is domiciled in the State of Kansas. Upon information and belief, his primary residence is: 3246 North 100th Street, Kansas City, Kansas 66109.

6. Defendant Clint Wilson was the Conductor on the train that accelerated into and killed the decedent, Mrs. Hobbs, on February 27, 2024. Mr. Wilson was employed by BNSF at the time of the incident. Upon information and belief, Mr. Wilson is domiciled in the State of Kansas. Upon information and belief, his primary residence is: 630 South Grant Street, Olathe, Kansas 66061.

## II.

## JURISDICTION AND VENUE

7. The amount in controversy exceeds $75,000.00. As such, the amount in controversy, exclusive of interest and costs, is within the minimum jurisdictional limits of this Court.

8. Jurisdiction is also proper in this Court because there is complete diversity of citizenship between the Plaintiff and Defendants, as provided by 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(c)(2).

9. At all times relevant to these causes of action, Defendants each had continuing and systematic contacts with the State of Oklahoma by operating

locomotive railway cars throughout this State. Each Defendant named in this Complaint had minimum contacts with the State of Oklahoma and was doing business in the State of Oklahoma by, among other things, transporting consumer and commercial goods interstate via railway for profit at the time of the occurrence in question. The causes of action alleged herein arise from such contacts.

10. Venue is proper in the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b)(2), because the incident made the basis of this lawsuit occurred in Oklahoma County, Oklahoma, which is within the Oklahoma City Division of the Western District of Oklahoma.

## III.

## JURY DEMAND

11. Plaintiff hereby demands a jury trial and tenders the requisite jury fees, in accordance with Federal Rule of Civil Procedure 38 *et seq*.

## IV.

## FACTS

12. On February 27, 2024, at approximately 2:46 p.m., BNSF Train No. 4265 (the "***Train***") accelerated into decedent, Ms. Hobbs, and killed her.

13. The fatal crash occurred near the intersection of W. Britton Road & N. Western Ave., Oklahoma City, OK 73114 (the "***Intersection***").

14. In the moments leading up to the crash, BNSF employees Jim Nolan and Clint Wilson, who were operating the Train, were heading Southeast on the tracks that split the Intersection.

15. At all times material to this lawsuit, Defendants Mr. Nolan and Mr. Wilson were acting solely within the course-and-scope of their employment with BNSF.

16. Approximately thirty-nine minutes before the collision, Ms. Hobbs informed BNSF via telephone that she was going to the train tracks to take photographs of the tracks near the Intersection concerning a property damage claim she was asserting against BNSF.

17. On November 30, 2023, Ms. Hobbs's vehicle sustained property damage when it became stuck on BNSF's railroad tracks near the Intersection.

18. Through that phone call, BNSF had notice and actual knowledge that Ms. Hobbs was going to the Intersection. Upon information and belief, BNSF did not prohibit Ms. Hobbs from taking photographs of the tracks at the Intersection.

19. Video footage from the Train shows that Ms. Hobbs was clearly visible prior to the crash, as she was wearing high-visibility bright pink clothing. Further, the video footage demonstrates that BNSF's employees saw Ms. Hobbs, visibly reacted to her presence near the tracks, failed to brake, and continued to accelerate

the Train towards Ms. Hobbs despite having sufficient time and distance to slow or stop the Train to avoid a collision.

20. Instead, Mr. Nolan and Mr. Wilson only sounded the Train's horn. Otherwise, Mr. Nolan and Mr. Wilson made no other efforts to slow or stop the Train to avoid colliding with and killing Ms. Hobbs.

21. Ms. Hobbs' presence on the train tracks at the Intersection constituted a specific, individual hazard. As such, Defendants had a duty to slow or stop the Train to avoid a collision.

22. Upon information and belief, prior to the collision, Mr. Nolan saw Ms. Hobbs bending over near the railroad tracks messing with what Mr. Nolan believed was a baby carriage. Despite this actual, subjective belief, Mr. Nolan made no attempt to slow or stop the Train to avoid a collision, relying instead entirely on sounding the Train's horn.

23. Upon information and belief, Ms. Hobbs survived the collision with the Train and then suffered tremendous pain and mental anguish before dying.

24. Ms. Hobbs is survived by the following individuals, each of which are statutory beneficiaries under Oklahoma's Wrongful Death Statute:

    a. Mitchell Hobbs – Surviving Spouse;

    b. Najah Knight – Surviving child;

  c.  Dr. Rashida Hobbs-Jones, Ph.D. – Surviving child and Personal Representative of the Estate; and

  d.  Naesha Parker – Surviving child.

## V.

## DAMAGES EXCEED $75,000.00

25. Plaintiff specifically pleads that the damages sought exceed $75,000.00.

## VI.

## CAUSES OF ACTION

**A.** ***NEGLIGENCE (All Defendants)***

26. Plaintiff incorporates each of the above and foregoing paragraphs as if fully re-alleged and re-stated here.

27. Plaintiff Rashida Hobbs-Jones brings this wrongful death lawsuit against the above-named Defendants in her capacity as Personal Representative of the Estate of her mother Mauresia Hobbs, deceased.

28. Ms. Hobbs' presence on the train tracks at the Intersection constituted a specific, individual hazard requiring that Defendants slow or stop the Train. A "specific, individual hazard" is a person, vehicle, obstruction, object, or event which is not a fixed condition or feature of the railroad crossing and which is not capable

of being taken into account by the Secretary of Transportation in the promulgation of uniform, national speed regulations.

29. Ms. Hobbs met the legal definition of a specific, individual hazard at the time of the fatal crash. As such, Defendants had a duty to act as a reasonably prudent person would to slow or stop the Train to avoid this collision. Instead, Defendants failed to slow down or stop, collided with Ms. Hobbs, and Ms. Hobbs died because of Defendants' failures.

30. Defendants' failures were negligent and grossly negligent.

B. **RESPONDEAT SUPERIOR (Against BNSF)**

31. Plaintiff incorporates each of the above and foregoing paragraphs as if fully re-alleged and re-stated here.

32. At all times material to this lawsuit, Defendants Nolan and Wilson were employed, managed, or supervised by Defendant BNSF Railway Company and/or Defendant Burlington Northern Santa Fe, LLC, and/or another affiliate or subsidiary of the BNSF Defendants. For purposes of misnomer or misidentification, Plaintiff intends to sue whichever legal entity employed, managed, or supervised Defendants Nolan and Wilson at all times material to this lawsuit.

33. At all times material to this lawsuit, Defendants Nolan and Wilson were acting within the course-and-scope of their employment when operating the BNSF train on February 27, 2024.

34. The BNSF Defendants are liable for Nolan's and Wilson's negligent acts and/or omissions described herein pursuant to the doctrine of *respondeat superior*, because Nolan and Wilson were acting in the course and scope of their employment or agency at the time of the occurrence.

C. **GROSS NEGLIGENCE (All Defendants).**

35. Defendants' collective failure to slow or stop the Train to avoid colliding with Ms. Hobbs constitutes gross negligence. The BNSF Defendants' employees – Defendants Nolan and Wilson – saw Ms. Hobbs with sufficient time to slow, stop, and/or avoid the collision. Nolan subjectively believed that Ms. Hobbs was messing with a baby carriage near the railroad tracks. Despite that, Nolan and Wilson made no effort to slow or stop the Train. Instead, Nolan and Wilson continued to accelerate the Train into Ms. Hobbs, ultimately killing her. Defendants each intentionally failed to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, including decedent Ms. Hobbs.

## VII.

## DAMAGES

36. Plaintiff incorporates each of the above and foregoing paragraphs as if fully re-alleged and re-stated here.

37. As stated *supra*, the damages sought in this litigation exceed $75,000.

38. Plaintiff, as Personal Representative of the Estate, seeks all wrongful death and survivorship damages recoverable under Oklahoma Law on behalf of herself, Mitchell Hobbs, Najah Knight, and Naesha Parker.

39. Specifically, Plaintiff seeks the following damages, for herself and her family's wrongful death claims:

  e. Medical and burial expenses;

  f. Loss of consortium;

  g. Past and future mental anguish;

  h. Pecuniary losses; and

  i. Grief and loss of companionship.

40. Plaintiff further seeks the following damages for the decedent's survival claim:

  j. Conscious pain and suffering between the injury and death;

  k. Medical expenses incurred between the injury and death; and

  l. Lost earnings between the injury and death.

41. ***Exemplary Damages***. Defendants' failure to slow or stop the Train for Ms. Hobbs at the Intersection constitutes gross negligence. Burlington Northern Santa Fe, LLC and BNSF Railway Company's employees – Mr. Nolan and Mr. Wilson – saw Ms. Hobbs with sufficient time to stop and avoid the collision. Mr. Nolan and Mr. Wilson each chose not to stop, but rather to continuously accelerate

into Ms. Hobbs, ultimately killing her. Defendants intentionally failed to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, including decedent Ms. Hobbs. Given the foregoing conduct, Plaintiff seeks exemplary damages against each Defendant, to be determined by a jury.

## VIII.

## **PRAYER**

Plaintiff respectfully requests that all Defendants be cited to appear herein. Plaintiff further prays that, after a jury trial, Plaintiff be awarded a judgment against Defendants in an amount excess of $75,000.00, together with:

- All categories of damages described *supra*;
- Exemplary damages as allowed by law and rendered by a jury;
- Pre- and post-judgment interest at the maximum amount allowed by law;
- Costs of court; and
- Such other and further relief to which Plaintiff may show herself justly entitled.

Dated: January 22, 2026.                    Respectfully submitted:

/s/ *Michael Burrage*
Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
512 North Broadway Avenue, Ste 300
Oklahoma City, OK 73102
Telephone:  (405) 516-7800
Facsimile:   (405) 516-7859
mburrage@whittenburragelaw.com

Eugene A. "Chip" Brooker, Jr.
*(pro hac vice* forthcoming)
Texas Bar No.: 24045558
chip@brookerlaw.com
Eric T. Stahl
*(pro hac vice* forthcoming)
Texas Bar No. 00794685
office@etstahl.com
BROOKER LAW, PLLC
4311 Oak Lawn Ave., Suite 620
Dallas, Texas 75219
214.217.0277 [Phone]